JENSEN, by Guardian *ad litem,* and another, Plaintiffs, v. CRITER and others, Defendants. [Five cases.]

*December 4, 1959—January 5, 1960.*

178

**180**

For the appellants there was a brief by *Carl W. Hofmeister* of Chilton, for Eugene A. Nett, and by *Bradford & Gabert* of Appleton, for Eugene A. Nett and the Dairyland Mutual Insurance Company, and oral argument by *Stanley R. Gabert*.

For the respondents Jensen and Propson there was a brief by *Bonk & Lutz* of Chilton, attorneys, and *Ray T. McCann* of Milwaukee of counsel, and oral argument by *Robert W. Lutz*.

For the respondents Le Roy Broeckel and State Farm Mutual Automobile Insurance Company there was a brief and oral argument by *Dudley O. Emmert* of Manitowoc.

For the respondents Jerraine Criter and Aetna Casualty & Surety Company there was a brief by *Humke, Poole & Axel* of Sheboygan, and oral argument by *Paul L. Axel*.

BROADFOOT, J. Although Elizabeth Jensen, Propson, and Nett testified upon the trial, each suffered amnesia as a result of injuries sustained in the accident and could remember none of the details thereof. In fact, none of them had any recollection of anything that happened after leaving Chilton. Criter testified that upon the hard application of his brakes his car turned to the left and into his wrong lane

of travel; that the unidentified northbound car passed him safely; that the Nett car was following the unidentified car closely and was only about a car length behind it and that there was room for the Nett car to pass him without colliding if Nett had swung more to the east. However, he testified that he did not see the Nett car prior to the collision.

A county traffic officer who arrived at the scene of the accident shortly after it happened testified that the skid marks made by the left wheel or wheels of the Nett car started from the center line of the highway, and also that they started on the center line.

Following the arguments on motions after verdict the trial court filed a memorandum decision, in which he said:

"It must be admitted that there is no direct evidence of negligence on the part of Eugene Nett in respect to management and control of his automobile, but there are certain inferences which a jury could arrive at which would be ample to sustain their findings. . . .

"There is, however, testimony of a police officer who investigated the accident that there was a skid mark starting from the center line of the highway running northeasterly some 47 feet to the point of the collision, such skid mark being left by the Nett car. It must be borne in mind that this tire mark *started* on the center line. This would mean that when Nett's left tire or tires were on the center line, he applied his brakes sufficiently to leave tire marks. Some reaction time must also be allowed for before such application of brakes takes effect. The jury could well infer that as the plaintiff-defendant Nett came over the crest of the hill that he was driving on the wrong side of the highway in part, at least; that he observed the Criter car approaching him and invading his lane of travel but that it was then too late for Nett to stop, not because of an inherent dangerous speed on the part of Nett but because of a lack of time to 'place himself in proper position' on the highway. The jury had a right to determine from those facts that there was a

lack of proper control and management, and having so found it is not for the court to substitute its judgment for that of the jury."

The appellants contend that Nett was confronted with a sudden emergency created by Criter and the only reasonable inference to be drawn from the evidence is that Nett jammed on his brakes which caused his car to swerve to the left until he was able to turn it sharply to the right. They contend that it is common knowledge that the hard application of brakes causes a car to swerve somewhat. Although Criter testified that the application of his brakes caused his car to swerve to the left there is no testimony that the Nett car had ever done so prior to the accident. Probably no two cars react in the same manner when brakes are suddenly applied.

The respondents advance some additional inferences that the jury could have drawn but we cannot conclude that they would have been reasonable inferences. The jury evidently drew the inference mentioned in the trial court's memorandum decision. Like the trial court, we cannot say this was an unreasonable inference, nor can we substitute our judgment for that of the jury.

The inference drawn by the jury being reasonable and proper and based upon evidence in the record, it follows that Nett contributed to any emergency with which he was faced. The trial court instructed the jury as to the emergency rule and it is apparent from the verdict that the jury determined Nett was not faced by an emergency to which he did not contribute.

Finally, the appellants contend that, even though Nett was negligent with respect to the management and control of his automobile, such negligence was not a legal cause of the accident. This argument was presented to the trial court but he did not discuss it in his memorandum decision. How-

ever, he denied all of the appellants' motions and it is clear that he felt the jury was justified in finding that Nett's negligence was a legal cause of the accident.

The gist of the argument of appellants is that the conduct of Broeckel and Criter was the sole cause of the accident. The issue of proximate cause was properly for determination by the jury. No error is claimed on the part of the trial court in any of his instructions. From the record we cannot say as a matter of law that Nett's negligence was not a substantial factor contributing to the injuries of the plaintiffs.

*By the Court.*—Those portions of the judgments appealed from are affirmed.

MARTIN, C. J., took no part.